**Settlement Agreement**

Sparrow Barns & Events (hereinafter "Sparrow"), a limited liability company having its principal place of business at 7950 CR 2412, Quinlan, Texas, 75475, and The Ruth Farm Inc., a Texas corporation having its principal place of business at 3275 Creekside Drive, Ponder, Texas 76259 ("Ruth Farm") enter into this Settlement Agreement ("Agreement") effective as of the date of the last signature below (the "Effective

**Terms**

1. By January 1, 2019 ("Compliance Deadline"), Ruth Farm shall make the following changes to its venue ("The Nest"), located at 3930 Bud Williams Road, Ponder, Texas 76259:

    a. The Nest shall replace its back-window layout to comport with the window scheme depicted in Exhibit A to this Agreement; and

    b. The Nest shall replace the capitals of all its interior columns to comport with the capital depicted in Exhibit B to this Agreement.

2. Upon execution of this Agreement by the Parties, counsel for Sparrow shall file the Joint Stipulation for Dismissal without prejudice, attached hereto as Exhibit C, no later than five (5) business days after delivery of the fully executed Agreement.

3. No later than seven (7) business days after the Compliance Deadline, counsel for The Nest shall deliver a notice of compliance ("Compliance Notice") to counsel for Sparrow. The Compliance Notice may be delivered electronically or via certified mailing. The Compliance Notice shall state that the changes referenced in Paragraph 1 of this Agreement have been completed and shall include photographs sufficient to prove compliance.

4. Within seven (7) days of receipt of the Compliance Notice, Sparrow shall execute and deliver to counsel for Ruth Farm a general release of all of its claims against Ruth Farm in the Lawsuit.

5. In the event of a failure to comply with the terms of Paragraphs 1 and 2, Sparrow reserves the right to reinstitute the Lawsuit against Ruth Farm.

6. Each Party shall bear its own attorneys' fees, costs, and other expenses incurred by each respective Party or arising from the actions of their own counsel in connection with this Agreement and the matters referred to herein. If this Agreement is breached and the Lawsuit is reinstituted, this provision is inapplicable and each Party shall be free to recover fees, costs, and other expenses incurred in this matter.

7. The Parties agree that this Agreement is and shall remain confidential between the Parties hereto and their respective officers, accountants, auditors, attorneys, indemnitors, liability insurers, and reinsurers. The Parties agree to not disclose the contents of this Agreement to any persons or entities other than their respective accountants, auditors, attorneys, indemnitors, liability insurers, and reinsurers without the express written consent of the other Parties; provided, however, that disclosure shall be permitted where, and to the extent, required by governmental regulators, applicable rules or orders of a court of competent jurisdiction, or by governing law.

8. The Parties acknowledge and agree that they were not induced by any other Party, or anyone else, to enter into this Agreement or to make this settlement. This Agreement, including and together with any related exhibits, constitutes the sole and entire agreement of the Parties with respect to the subject matter

EXHIBIT
C
exhibitsticker.com

contained herein, and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, regarding such subject matter.

9. This Agreement must be construed and interpreted in accordance with the laws of the State of Texas, provided that the conflict of laws rules of Texas will not operate to cause the laws of any other state to be applicable. Venue and jurisdiction for any dispute regarding breach of this Agreement will be exclusively in Dallas County, Texas.

10. This Agreement contains the entire agreement with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, predecessors, successors, and assigns of each Party.

11. This Agreement may be executed in multiple original counterparts, all of which will be deemed originals and with the same effect.

[*Remainder of page intentionally blank; signature page to follow*]

| Sparrow Barns & Events, LLC | The Ruth Farm, Inc. |
|---|---|
| By:________________________ | By:________________________ |
| Its:________________________ | Its:________________________ |
| Dated:______________________ | Dated:______________________ |



EXHIBIT "A"

# Capitals

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SPARROW BARNS & EVENTS, LLC, | § | |
| | § | |
| | § | No. 4:17-CV-00558 |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| THE RUTH FARM, INC, | § | |
| | § | |
| *Defendant*. | § | |

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Sparrow Barns & Events, LLC, and The Ruth Farm, Inc., pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby stipulate that the above-captioned case be dismissed without prejudice, the parties to bear their respective costs, including attorneys' fees or other expenses of litigation.

**AGREED AND APPROVED:**

Chelsie Spencer
cspencer@ritterspencer.com
RITTER SPENCER PLLC
15455 Dallas Parkway
Addison, Texas 75001
Telephone (214) 295-5074
**ATTORNEYS FOR PLAINTIFF**

Evan Stone
evan@stonevaughanlaw.com
STONE & VAUGHAN PLLC
109 E Oak Street, Suite 1000
Denton, Texas 76201
(469) 248-5238
**ATTORNEYS FOR DEFENDANT**

Sparrow Barns & Events, LLC

By: Nadia Ramos
Its: Co-owner
Dated: 5/8/18

The Ruth Farm, Inc.

By:____________________
Its:____________________
Dated:____________________

Sparrow Barns & Events, LLC

By:__________________
Its:__________________
Dated:__________________

The Ruth Farm, Inc.

By: LaWanna Thompson
Its:__________________
Dated: 5/23/18

EXIT
EXIT
EXIT
1/19/2019
3:49pm