IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SPARROW BARNS & EVENTS, LLC, | § § § | No. 4:19-CV-00067 |
| *Plaintiff*, | § § | |
| v. | § § | JURY DEMAND |
| THE RUTH FARM, INC, | § § § | |
| *Defendant.* | § | |

## PLAINTIFF'S MOTION FOR CONTEMPT

Sparrow Barns & Events, LLC, ("Plaintiff" or "Sparrow Barns"), files this Motion for Contempt by Defendant, The Ruth Farm, Inc. ("Defendant") and in support thereof, presents the following:

I.    Factual Background

After briefing and hearing on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction this Court entered an Order granting Plaintiff's Motion on April 10, 2019. The Order enjoined Defendant from "selling, offering for sale, distributing or advertising in commerce its services displaying the trade dress owned by Sparrow Barns" and required Defendant to "remove from commerce any advertisement or offer to sale in commerce its services displaying the trade dress owned by Sparrow Barns on Ruth Farm's website, social media, and accounts with third parties within three (3) days of signing of [the] order." ECF No. 17, p. 23. Despite entry of the temporary injunction, Defendant has failed to comply with either of the Order's requirements and continues to willfully use, display, and advertise Sparrow Barn's trade dress in commerce in violation of the temporary injunction.

II. <u>Defendant's Contempt.</u>

To succeed on a motion for contempt, Plaintiff must show by clear and convincing evidence that: (1) a court order was in effect; (2) the order required or prohibited certain conduct by the respondent; and (3) the respondent did not comply with the court's order. *Nevada v. United States Dep't of Labor*, 321 F. Supp. 3d 709, 715 (E.D. Tex. 2018) (internal citations omitted). This Court has broad discretion to remedy civil contempt. *Neal Techs., Inc. v. Unique Motorsports, Inc.*, No. 4:15-CV-00385, 2018 WL 3630128, at *2 (E.D. Tex. July 31, 2018) (citing *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995)).

1. *The Temporary Injunction in this Matter is in Effect.*

The registered agent for Defendant was personally served with a copy of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction on February 23, 2019. Its counsel was also served by electronic mailing on February 18, 2019.[1] Counsel for Defendant was notified by email on February 25, 2019, of the initial setting for the hearing on Plaintiff's Motion on March 1, 2019. After reset, a hearing on Plaintiff's Motion for Temporary Injunctive Relief was held on March 11, 2019. Both parties were heard at hearing.

After consideration of the Plaintiff's Motion, Defendant's Response, Plaintiff's Reply and counsels' argument at hearing on the Motion, this Court entered a preliminary injunction on April 10, 2019. ECF No. 17. The Order remains in effect as of the date of this Motion.

2. *The Order Both Prohibits Certain Conduct by Defendant and Requires Certain Conduct of Defendant.*

This Court enjoined Defendant from "selling, offering for sale, distributing or advertising in commerce its services displaying the trade dress owned by Sparrow Barns" and ordered

---

[1] Counsel for the Defendant represented via email that he was representing Defendant though he had not yet appeared in this lawsuit at the time.

Defendant to "remove from commerce any advertisement or offer to sale in commerce its services displaying the trade dress owned by Sparrow Barns on Ruth Farm's website, social media, and accounts with third parties within three (3) days of signing of [the] order." Thus, Defendant was both enjoined from certain conduct and also required to act by this Court's Order.

3. *Defendant Has Failed to Comply with this Court's Order.*

Despite the clear language of the Order and further demonstrating itsa cavalier attitude toward these proceedings, Defendant has wholly failed to comply with this Court's Order. At some point in these proceedings, enough must be enough of Defendant's conduct and blatant disregard for the judicial process.

As of the date of this Motion, six days after entry of the Order allotting a three-day compliance timeframe, the trade dress of Sparrow Barn's is prominently featured and displayed on the main page of Defendant's own website. Ex. 1. The "Gallery" portion of the Defendant's website displays multiple photographs using Sparrow Barn's trade dress. Ex. 2. The Weddings and Events page not only prominently features and displays what Defendant has now termed its own "Grand Hall," a full-length feature video tour of Defendant's venue plays that features Plaintiff's trade dress at multiple points during the video. Ex. 3 at 00:34-00:48; 1:18, 1:24; *see also* Ex. 4. The Order specifically mandated that Defendant must "remove from commerce any advertisement or offer to sale in commerce its services displaying the trade dress owned by Sparrow Barns on Ruth Farm's website … within three (3) days of signing of [the] order." Defendant's own website, wherein a bride finds the information to proceed with booking the venue, is certainly an advertisement for Defendant's services.[2] Social media accounts that also advertise Defendant's services continue to display Plaintiff's trade dress. Ex. 5.

---

[2] Defendant's Weddings and Events page displays the following: "We are excited to announce our new wedding and event packages for couples or groups who are looking for their perfect venue to either host a

Defendant further continues to offer and sell its services using Plaintiff's trade dress. Defendant still offers its wedding and event services online, not only through its website that displays Plaintiff's trade dress, but also through account-managed venue websites such as theknot.com. Ex. 7. Defendant continues to recoup monetary reward by willfully using Sparrow Barn's trade dress in each event it continues to book and hold. Wedding photographs from vendors servicing a wedding this past weekend display a service occurring at Defendant's venue, still using, still selling, and still displaying the trade dress of Plaintiff. Ex. 4.

III. Attorneys' Fees & Expenses

Plaintiff requests reasonable and necessary attorney fees, expenses, and costs incurred in this contempt proceeding and intends to provide its Submission for Attorney's Fees after adjudication of this Motion. Civil contempt can compel compliance with a court's order and compensate an aggrieved party for losses or damages due to the contemnor's noncompliance. *Lance v. Plummer*, 353 F.2d 585, 592 (5th Cir. 1965). Compensation includes "'the cost of bringing the violation to the attention of the court' ... and such damages may include an award of attorneys' fees" to the party doing so. *Neal Techs., Inc*., No. 4:15-CV-00385, 2018 WL 3630128, at *2 (internal citations omitted).

IV. Conclusion

Plaintiff requests that this Court enter an Order holding Defendant in contempt of the preliminary injunction entered in this matter and order relief it deems appropriate for Defendant's contempt and to ensure compliance with the preliminary injunction.

---

small intimate weekly gathering or a large event! Any of these packages are a great option, depending on what your vision! Below is a simple break down of the different options we now have for you to choose from. *Please inquire further through our contact us page for package pricing* and to set up your tour! We are excited to meet you and open our barn doors for your unique event!"

Respectfully Submitted,

*/s/ Chelsie Spencer*
Chelsie Spencer

**RITTER SPENCER PLLC**
15455 Dallas Parkway, Suite 600
Addison, Texas 75001
Email: cspencer@ritterspencer.com
Telephone: 214.295.5070
Fax: 214.935.1778

ATTORNEYS FOR PLAINTIFF
SPARROW BARNS & EVENTS LLC

## CERTIFICATE OF SERVICE

I certify that on this 16th day of April, 2019, a true and correct copy of the foregoing was served to all counsel of record via service through the ECF e-filing portal.

*/s/ Chelsie Spencer*
Chelsie Spencer